NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-777

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 34413

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Doe appeals from a Superior Court judgment affirming a Sex Offender Registry Board (board) decision reclassifying Doe as a level one offender and denying Doe's motion to terminate his obligation to register as a sex offender. Discerning no error in the hearing examiner's finding that Doe poses a low risk of sexual reoffense and dangerousness or in the denial of Doe's motion for relief from registration, we affirm.

Background. We summarize the facts found by the hearing examiner, supplemented where necessary with undisputed facts from the record. Doe committed his index offense during the summer of 1994, when he was thirty-six years old. At the time, Doe was living in Idaho. After befriending a fourteen year old girl (victim) who lived in his apartment building, Doe and the

victim began exchanging "love letters."  One night, the victim sneaked over to Doe's apartment after her family fell asleep. The victim later reported that during that visit, Doe had "put his penis into her vagina."  Doe subsequently pleaded guilty in Idaho to lewd conduct with a minor under the age of sixteen and received a split sentence of from three to ten years in prison with a ten-year term of probation.

Doe later moved to Massachusetts, and in September 2002, the board ordered him to register as a level two offender.  On January 17, 2020, Doe submitted a motion pursuant to 803 Code Mass. Regs. § 1.31 (2016), seeking to terminate his obligation to register.  Following a de novo hearing, the hearing examiner issued a decision denying Doe's request to terminate his registration obligation but nonetheless reducing Doe's level two classification to a level one classification.

Doe later filed a complaint for judicial review in the Superior Court pursuant to G. L. c. 30A, § 14.  A Superior Court judge affirmed the board's decision and this appeal followed.

Discussion.  On appeal, Doe contends that the board failed to prove by clear and convincing evidence that he continues to pose a cognizable risk of reoffense and dangerousness.  See Doe, Sex Offender Registry Bd. No. 76819 v. Sex Offender Registry Bd., 480 Mass. 212, 214 (2018), quoting G. L. c. 6, § 178K (2) (a) ("A sex offender is classified as level one where

2

'the board determines that the risk of reoffense is low and the degree of dangerousness posed to the public is not such that a public safety interest is served by public availability' of registration information").

1. Standard of review. "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019). In reviewing the board's decision, we must "give due weight to the experience, technical competence, and specialized knowledge of the [board], as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7); Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006) (Doe No. 10216). We may only set aside the board's decision upon a finding that the decision is unsupported by substantial evidence, arbitrary and capricious, an abuse of discretion, or not in accordance with the law. Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 762 (2022).

2. Sufficiency of the evidence. As an initial matter, we find that Doe has waived his claims that (1) the board was required to present expert evidence to prove that he is a level one sex offender, and that (2) the risk-factors do not adequately account for circumstances like Doe's, where approximately twenty-five years have passed since his "single,

isolated instance of sexual misconduct," because Doe did not raise these issues during the proceedings below.[1,2]  See Doe, Sex Offender Registry Bd. No. 3974 v. Sex Offender Registry Bd., 457 Mass. 53, 55-58 (2010).

After setting aside Doe's waived arguments, all that remains are his claims that the hearing examiner improperly applied risk-elevating factor 11 (violence unrelated to sexual assaults) and "over-relied" on static risk factors related to the circumstances of Doe's index offense.  These claims fail to persuade.

Factor 11 provides, in relevant part, that an offender "is more likely to reoffend and present a greater danger if he has previously demonstrated that he can act violently and with no regard to the safety of others."  803 Code Mass. Regs. § 1.33(11)(a).  The hearing examiner applied this factor upon finding that Doe had committed four separate acts of nonsexual

---

[1] We likewise decline to consider the research articles cited in Doe's brief, which were not submitted into evidence at his classification hearing.  See Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 114 (2014), quoting Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 630 (2011) ("judicial review is confined to the administrative record").

[2] We note, however, that a hearing examiner is not required to rely on expert testimony and may classify an offender based solely on the expertise embodied by the board's regulations. See Doe No. 10216, 447 Mass. at 785-786.

violence against women between 2001 and 2014.  Doe does not challenge the fact of those assaults but contends that they lack probative value because his index offense "did not involve violence."  This argument lacks merit because the plain language of factor 11 is clear that the circumstances of Doe's index offense are irrelevant to whether factor 11 may be applied because factor 11 considers an offender's propensity for violence <u>unrelated to sexual assaults</u>.  803 Code Mass. Regs. § 1.33(11)(a).

Next, we turn to Doe's assertion that the hearing examiner "over-relied" on static risk factors related to the circumstances of Doe's index offense.  This claim, in essence, is a challenge to the weight the examiner gave to certain risk factors,[3] and is unavailing because the amount of weight accorded to each of the risk factors "was [the hearing examiner's] to determine," and not within the purview of this panel.  <u>Doe, Sex Offender Registry Bd. No. 291554</u> v. <u>Sex Offender Registry Bd</u>., 87 Mass. App. Ct. 210, 214 (2015).  See <u>Doe, Sex Offender Registry Bd. No. 68549</u> v. <u>Sex Offender Registry Bd</u>., 470 Mass. 102, 110 (2014).

---

[3] The hearing examiner was required to consider the characteristics of Doe's index offense, regardless of the age of the offense, pursuant to G. L. c. 6, § 178K (1).

5

Moreover, after reviewing the hearing examiner's decision, we are satisfied that his conclusion that Doe presents a low risk of reoffense and dangerousness was not grounded solely on the circumstances of Doe's 1994 offense. Rather, it is clear that the decision was based on what the board's research-backed regulations say about the significance of the characteristics of Doe's offense, despite the passage of time, and in view of the applicable mitigating factors, including Doe's advanced age, his participation in sex offender treatment, his home environment and support system, and his stability in the community. While the examiner also granted some mitigating consideration to the fact that Doe had not committed any new sex offenses for approximately twenty-five years, he noted that the mitigating weight of this factor was tempered by Doe's more recent, nonsexual violent conduct. None of the applicable mitigating circumstances required the examiner to find that Doe does not present _any_ risk of reoffense or dangerousness, particularly in view of the high-risk and risk-elevating factors that the

hearing examiner also found applicable to Doe.[4,5]  See Doe, Sex

Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447

Mass. 750, 764 (2006) (hearing examiner not required to find

that "risk-reducing factors completely ameliorated . . . risk of

reoffense and degree of dangerousness").

Conclusion.  In view of the foregoing, we conclude that the

hearing examiner made a complete review of all the evidence

presented to him, both aggravating and mitigating, and reached a

decision that is supported by substantial evidence.  See Smith

v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 813 (2006)

("As long as the [board's] interpretation of its regulations and

statutory mandate is rational, and adhered to consistently, it

---

[4] Specifically, the hearing examiner applied high-risk factor 3 (adult offender with child victim), and risk-elevating factors 7 (extrafamilial victim); 10 (contact with criminal justice system); 11 (violence unrelated to sexual assaults); and 19 (level of physical contact).  See 803 Code Mass. Regs. § 1.33 (2016).

[5] We reject Doe's assertion that his case is analogous to Doe, Sex Offender Registry Bd. No. 523671 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 1107 (2021), an unpublished decision in which a panel of this court held that the board had failed to prove that the petitioner presented a low risk of reoffense and dangerousness where the only evidence upon which the examiner based her findings of risk was Doe's guilty plea to sex offenses he committed over two decades earlier.  Here, in addition to the circumstances of Doe's index offense, the hearing examiner's decision was based on evidence that Doe perpetuated acts of violence against women on multiple occasions years after he committed his index offense.

should be respected, and given substantial deference")

(quotation and citation omitted).

Judgment affirmed.

By the Court (Rubin,
Massing & Desmond, JJ.[6]),

Assistant Clerk

Entered:  June 10, 2024.

---

[6] The panelists are listed in order of seniority.